*[margin note: 3. ——: Violating the three mile law.]*

---

## PIERSON v. THE STATE OF ARKANSAS.

LIQUOR:  *Selling under license of United States, without State license.*
   A license from the United States to sell liquor does not excuse one from
      obtaining license also as required by the law of the State; and a sale
      either on a steamboat or on land, without license from the County
      Court of the county, is unlawful.

APPEAL from *Perry* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Attorney-General Moore*, for the State :

United States revenue license will not avail as a defense for a violation of a *State law*. See *U. S. Rev. Stat., sec. 3243.*

### STATEMENT.

ENGLISH, C. J. Appellant D. G. Pierson was indicted in the Circuit Court of Perry County, for selling ardent liquors, on the tenth of October, 1881, without license. He' pleaded not guilty, and by consent of parties the case was submitted to the court sitting as a jury, on an agreed statement of facts, as follows:

"The defendant confesses that he was not a manufacturer of whisky or ardent liquors. That he sold ardent liquors—whisky—at the time charged in the indictment, at Brown's Landing, in Perry County, Arkansas, he being at the time in command of the Steamer Roseville, and running her on the Arkansas River under license from the marine law; the Arkansas River being a navigable stream, and so declared by the United States Government. That said whisky was sold by defendant on board of said boat, and while she was tied to the bank at said Brown's Landing, and that defendant had revenue license from the United States Government, to sell vinous, spirituous and alcoholic liquors."

No declaration of law was asked of or made by the court. Upon the agreed statement of facts the court found appellant guilty, and fined him $200.

Appellant moved for a new trial, on the ground that the finding of the court was contrary to law and evidence. The motion was overruled, and appellant took a bill of exceptions and appealed.

### OPINION.

Appellant had no right to sell ardent liquors in Perry

County, either on his boat or on the land, without a license from the County Court of that county. *Act of the eighth of March, 1879, sec. 1.*

His license from the Government of the United States did not excuse him from obtaining license as required by the law of the State.

If liquor is sold without a license from the United States, it is an offense against that Government, and if sold in any county of this State without a license from the County Court of that county, it is an offense against the State.

Affirmed.